UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR. 07-40055-26 |
| Plaintiff, | \* | |
| vs. | \* | ORDER DENYING MOTION TO SEVER |
| TYLER BROWN, | \* | (DOC. 1466) |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant has moved the Court for a severance from his co-defendants. Defendant is charged in the Third Superseding Indictment along with numerous other defendants with conspiracy to distribute and possess with intent to distribute 50 grams or more of a mixture and substance containing cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. Defendant moves for severance from his co-defendants pursuant to Fed. R. Crim. P. 14. That rule states:

**Rule 14. Relief from Prejudicial Joinder**

**(a) Relief.** If the joinder of offenses or defendants in an indictment, an information, or consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

**(b) Defendant's Statements.** Before ruling on a defendant's motion to sever, the court may order an attorney for the government to deliver to the court for in camera inspection any defendant's statement that the government intends to use as evidence.

In the body of his Motion, Defendant asserts a joint trial with such a large number of defendants and the government's lack of factual basis concerning him will prejudice his chances for a fair and impartial trial.

The grant or denial of a motion to sever is left to the sound discretion of the trial court and will not be reversed absent a showing of abuse of discretion that resulted in clear prejudice. *United*

*States v. Lawson*, 173 F.3d 666, 671 (8th Cir. 1999). Fed. R. Crim. P. 8(b) provides that two or more defendants may be charged in the same indictment "if they are alleged to have participated in the same act or transaction or the same series of acts or transactions constituting an offense or offenses." "In ruling on a motion for severance, a court must weigh the inconvenience and expense of separate trials against the prejudice resulting from a joint trial of co-defendants. To grant a motion for severance, the necessary prejudice must be severe or compelling. This is because a joint trial gives the jury the best perspective on all of the evidence and therefore, increases the likelihood of a correct outcome." *United States v. Pherigo*, 327 F.3d 690, 693 (8th Cir. 2003). "Persons charged with a conspiracy will generally be tried together, especially where proof of the charges against each of the defendants is based on the same evidence and acts. Rarely, if ever, will it be improper for co-conspirators to be tried together." *United States v. Kime*, 99 F.3d 879, 880 (8th Cir. 1996).

Although Defendant and his co-defendants may have antagonistic defenses the United States Supreme Court has addressed this argument in *Zafiro v. United States*, 113 S.Ct. 933, 506 U.S. 534, 122 L. Ed.2d 317 (1993). The Court recognized many of the Courts of Appeals have expressed the view that "mutually antagonistic" or "irreconcilable" defenses may be so prejudicial in some instances so as to mandate severance. *Id.*, 506 U.S. at 538, 113 S.Ct. at 937. *See e.g. United States v. Shivers*, 66 F.3d 938, 940 (8th Cir. 1995) (recognizing the existence of antagonistic defenses does not require severance unless defenses are actually irreconcilable).[1] The Court recognized, however, that in most instances, the degree of prejudice to require separate trials cannot be shown. *Id.* The Court declined to adopt a bright-line rule requiring severance when co-defendants present antagonistic defenses, or even if prejudice is shown. Rather, the District Court is allowed wide discretion to tailor relief to the specific situation presented by each case. *Id.* 506 U.S. at 538, 113 S.Ct. at 538-59. The Court cautioned that co-defendants properly joined under Rule 8(b) should be severed only if a joint trial would (1) compromise a specific trial right of one of the defendants; (2) prevent the jury from making a reliable judgment about the guilt or innocence of one of the

---

[1] The co-defendants in <u>Shivers</u> were accused of distributing cocaine. They each pointed the finger at the other. One claimed he did not know the package handed to him by the other was cocaine. The other claimed he did not know there was cocaine in the car, nor did he give his co-defendant any cocaine. The *Shivers* court held that a joint trial was appropriate, because "one defendant's attempt to save himself at the expense of another co-defendant is not a sufficient ground to require severance." *Shivers*, 66 F.3d at 940.

defendants. *Id.* The examples given by the Supreme Court were a complex, multi-defendant case in which evidence which would not be admissible in a separate trial is admitted in a joint trial, against a co-defendant, or when many defendants who had markedly different degrees of culpability were tried together in a complex case. *Id.* The Supreme Court rejected, however, the defendant's notion that "the very nature of their defenses, without more, prejudiced them." *Id.*, 505 U.S. at 539-40, 113 S.C. at 938. The Court held that usually, "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice."

In *Zafiro* the Court summarized the co-defendants' theories as "both claiming they were innocent and accusing the other of the crime." They asserted entitlement to a severance because of the prejudice caused by their mutually antagonistic defenses. The Supreme Court noted the Government had offered evidence that each defendant was guilty. "Even if there were some risk of prejudice, here it is of the type that can be cured with proper instructions and juries are presumed to follow their instructions." *Id.*, 506 U.S. at 540, 113 S.C. at 939. In this case, as in *Zafiro*, even if the defendants each claim the other is solely responsible for the alleged drug distribution, the District Court may avoid prejudice by, for example, instructing the jury: (1) that the Government has the burden of proving beyond a reasonable doubt that each defendant committed the crimes charged against him; (2) the jury must give separate consideration to each individual defendant and to each separate charge against him; (3) and that each defendant is entitled to have his case determined from his own conduct and from the evidence that may be applicable to him. *Zafiro*, 506 U.S. at 541, 113 S.C. at 939.

In *United States v. Kime*, 99 F.3d 879, 880 (8th Cir. 1996), the defendant argued he was "unfairly tarred" by the spillover effect from the "vast majority" of evidence which was admissible only against his co-defendant. The Eighth Circuit held that severance was not warranted. "To justify severance, the defendant must show more than the mere fact that his or her chances for acquittal would have been better had he been tried separately . . . Mere disparity of evidence against co-defendants or the alleged prejudicial spillover effect of evidence against a co-defendant are not grounds for severance absent a showing the jury will be unable to compartmentalize the evidence against each individual defendant." *Id.* at 880. Factors bearing on whether the jury will be able to compartmentalize the evidence are the length and expected complexity of the trial. *Id.* In this case,

the alleged conspiracy was relatively short (from late 2005 to October 2007), and the Third Superseding Indictment contains one count against each defendant - conspiracy to distribute 50 grams or more of a mixture and substance containing cocaine base. "Any risk of prejudice [may be] reduced by the district court's instructions, which [should direct] the jury to consider each offense and its supporting evidence separately, and to analyze the evidence with respect to each individual without considering evidence admitted solely against other defendants." *United States v. Mathison*, 157 F.3d 541, 546 (8th Cir. 1998) (citations omitted). *See also, United States v. Moore*, 149 F.3d 773, 778 (8th Cir. 1998)(risk that jurors would not be able to compartmentalize evidence against various defendants was minimized by court's ongoing limiting instructions); *United States v. Flores*, 362 F.3d 1030 (8th Cir. 2004) (no requirement in a joint trial that the quantum evidence of each defendant's culpability be equal; district court properly instructed jury and no evidence jury was unable to compartmentalize evidence against each defendant). Defendant has not shown that the alleged disparity of evidence between him and the other defendants will prevent him from receiving a fair trial in this matter. Further, Defendant is free to request appropriate limiting instructions from Judge Piersol.

Also, "other crimes" and bad acts evidence may be properly admitted and accompanied by instructions to the jury that the evidence should be considered only against the defendant to whom it pertains. "[T]hat evidence is admissible as to one defendant but not as to his co-defendants does not alone require severance. And, evidence of prior criminal offenses of one defendant does not prejudice his co-defendants to the level of requiring severance. Nor is a defendant entitled to severance merely because the evidence against a co-defendant is more damaging than against him." *United States v. Robinson*, 774 F.2d 261, 267 (8th Cir. 1985).

Finally, Defendant Brown cites the potential for *Bruton* problems should his case be tried together with his co-defendants. In *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), the United States Supreme Court held that the confrontation clause is violated if a non-testifying co-defendant's confession, naming a defendant, is admitted into evidence with only a limiting instruction to the jury that it could only be considered as evidence against the non-testifying co-defendant. Subsequent case law, however, has allowed admission of a non-testifying co-defendant's confession which has been redacted to eliminate any reference to the defendant's

existence (*Richardson v. Marsh*, 481 U.S. 200, 208-09, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987), and to a confession which has removed specific references to the defendant (*United States v. Karam*, 37 F.3d 1280 (8th Cir. 1994); *United States v. Edwards*, 159 F.3d 1117 (8th Cir. 1998). Defendant Brown has offered nothing but pure speculation[2] that any of his co-defendants have given confessions which inculpate him.[3] Even if they have, the above-cited case law demonstrates many ways the Courts have devised, in the years since *Bruton,* to avoid the problem which occurred in that case.

Accordingly, IT IS ORDERED that Defendant Brown's Motion for Severance (Doc. 1466) is DENIED without prejudice. Whether and in what manner the confessions (if any) of Defendant Brown's non-testifying co-defendants will be admitted into evidence is left to the discretion of the District Court.

Dated this 23 day of April 2009.

BY THE COURT:

John E. Simko
United States Magistrate Judge

ATTEST:
JOSEPH HAAS, CLERK

by: Colleen Schulte, Deputy
(SEAL)

---

[2] In his brief, Defendant Brown states "Lewis has given statements to the police that would be admissible against Tyler Brown at trial, but, because Lewis is a codefendant, he would not be subject to cross examination on those matters." Defendant Brown did not specifically provide or identify any of this information (other than the recitation of the statement about smoking crack cocaine) for the Court's consideration, however, in support of his motion. Defendant Brown made a similar general reference to statements made by his Uncle, Frank Baker.

[3] Brown indicates that codefendant Lewis gave a statement on July 11, 2007 to Agent Hummel in which Lewis said that he, Brown and Milo Young intended to smoke the crack cocaine that Lewis possessed. That statement does not appear to pertain directly to the charges in this case because Lewis confesses to his possession for personal use by himself and others, rather than distribution, and can easily be omitted or the names replaced with neutral pronouns.