UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

FILED

DEC 2 3 2013

CLERK

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 07-40055-26 |
|  | * |  |
| Plaintiff, | * | MEMORANDUM OPINION AND |
|  | * | ORDER DENYING |
| -vs- | * | RULE 60(b) MOTION |
|  | * |  |
| TYLER BROWN, | * |  |
|  | * |  |
| Defendant. | * |  |
|  | * |  |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Pending before the Court is defendant Tyler Brown's motion for a reduced sentence pursuant to Federal Rule of Civil Procedure 60(b).[1] Defendant asks the Court to reduce his sentence from 120 months to 60 months which is the Fair Sentencing Act's new mandatory minimum for the amount of drugs attributed to Defendant. For the reasons set forth below, Defendant's motion will be denied.

On April 2, 2010, Defendant was sentenced by this Court after a jury found him guilty of conspiring to distribute a controlled substance, cocaine base (crack cocaine), in violation of 21 U.S.C. §§ 841(a)(1) and 846. Defendant's total offense level was 30. With a criminal history category of IV, Defendant's advisory guideline range for crack cocaine was 135 to 168 months. The government stated that they had no objection to a reasonable downward variance in keeping with the Administration's position that the sentencing disparity between crack cocaine and powder cocaine should be eliminated. Accordingly, the Court applied the sentencing guidelines for powder cocaine, resulting in an offense level of 18 and a guideline range of 41 to 51 months. Because Defendant's offense involved 50 grams or more of cocaine base, he faced a statutory mandatory minimum sentence of 120 months. The Court found that the mandatory minimum sentence was applicable and sentenced Defendant to 120 months. *See United States v. Williams*, 474 F.3d 1130, 1131 (8th Cir. 2007) (Supreme Court's decision in *United States v. Booker*, 542 U.S. 220 (2005), which declared

---

[1] Defendant fails to cite any authority indicating that Rule 60(b) of the Federal Rules of Civil Procedure provides a basis for relief from a judgment in a criminal case. Even if Rule 60(b) were applicable, Defendant is not entitled to relief.

the sentencing guidelines were effectively advisory and directed courts to fashion sentences in accordance with § 3553(a), "does not expand the district court's authority to impose a sentence below a statutory minimum"). On April 9, 2010, Defendant appealed his sentence to the Eighth Circuit.

On August 3, 2010, while Defendant's case was on direct appeal, the Fair Sentencing Act (FSA) was enacted. The FSA reduced the crack-to-powder sentencing ratio from 100–to–1 to 18–to–1 by increasing the drug amounts triggering mandatory minimum sentences for crack cocaine offenses. *See Dorsey v. United States*, 132 S.Ct. 2321, 2329 (2012). The Eighth Circuit issued its opinion in Defendant's appeal on October 12, 2010, holding in relevant part that the FSA is not retroactive and thus the FSA's reduced mandatory minimum sentence did not apply to Defendant. *See United States v. Brown*, 2010 WL 3958760 at *1 (8th Cir. Oct. 12, 2010) (unpublished) (the Fair Sentencing Act contains no express language that it is retroactive, so "the statutory minimum existing at the time the offense was committed governs"). In the *Dorsey* decision issued on June 21, 2012, the Supreme Court held that the more lenient mandatory minimums in the FSA apply to those offenders whose crimes occurred before the effective date of the Act, but who were sentenced after that date. *Dorsey*, 132 S.Ct. at 2355. Defendant argues that although he was sentenced *before* the FSA became law and therefore does not fit within *Dorsey's* narrow holding that the new mandatory minimums apply only to persons sentenced *after* the effective date of the FSA, the FSA should apply to him because his case was on direct appeal when the FSA became effective on August 3, 2010. There is no authority for this proposition. As the Supreme Court recognized in *Dorsey*, "application of the new minimums to pre-Act offenders sentenced after August 3 will create... disparities" between "pre-Act offenders sentenced before August 3 and those sentenced after that date." *Dorsey*, 132 S.Ct. at 2335. These disparities, the Supreme Court reasoned, "reflect[ ] a line-drawing effort" and "will exist whenever Congress enacts a new law changing sentences (unless Congress intends re-opening sentencing proceedings concluded prior to a new law's effective date)." *Id.* After *Dorsey*,

2

the Eighth Circuit held that the FSA does not apply retroactively to defendants who were sentenced before August 3, 2010.[2] *United States v. Reeves*, 717 F.3d 647 (8th Cir. 2013).

There is no indication that Congress intended the more lenient mandatory minimums to apply to defendants whose sentences were on direct appeal at the time the FSA became effective, and the binding precedent of the Eighth Circuit holds that the statutory minimum sentence existing at the time Defendant committed the offense applies. Defendant's 120-month sentence was the minimum required by statute at the time he was sentenced. Accordingly,

IT IS ORDERED that Defendant Tyler Brown's Rule 60(b) motion requesting a sentence modification (Docket 2070) is denied.

Dated this 23rd day of December, 2013.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
(SEAL)        DEPUTY

---

[2]Defendant cites a Sixth Circuit case where, despite Supreme Court precedent, a divided panel held that the FSA applies retroactively to defendants sentenced before August 3, 2010 who sought reductions in their sentences under 18 U.S.C. § 3582(c) because the sentences imposed under the old crack to powder cocaine ratios were racially discriminatory in violation of the Equal Protection Clause. *See United States v. Blewett*, 719 F.3d 482, 492-94 (6th Cir. 2013). The Sixth Circuit vacated the panel opinion and heard the *Blewett* case *en banc*. The *en banc* Court recently held that the FSA's mandatory minimums do not apply retroactively to those sentenced before its enactment. *See United States v. Blewett*, 2013 WL 6231727 (6th Cir. Dec. 3, 2013). Thus, *Blewett* is of no help to Defendant.