

```
                    UNITED STATES DISTRICT COURT            FILED
                      DISTRICT OF SOUTH DAKOTA            FEB 14 2014
                         SOUTHERN DIVISION
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 07-40055-26 |
| Plaintiff, | * | |
| -vs- | * | ORDER DENYING MOTION TO AMEND |
| TYLER BROWN, | * | |
| Defendant. | * | |

Defendant Tyler Brown filed a motion to amend (Doc. 2075), asking the Court to reconsider its denial of his motion for a reduced sentence pursuant to Federal Rule of Civil Procedure 60(b).

In his Rule 60(b) motion, Defendant asked the Court to apply the Fair Sentencing Act retroactively and reduce his sentence from 120 months to 60 months, which is the Fair Sentencing Act's new mandatory minimum for the amount of drugs attributed to Defendant. In denying the Rule 60(b) motion, the Court explained that the more lenient penalties in the Fair Sentencing Act apply only to those offenders whose crimes occurred before the effective date of the Act (August 3, 2010), but who were sentenced after that date. *See Dorsey v. United States*, 132 S.Ct. 2321, 2331 (2012). Because Defendant was sentenced on April 2, 2010, before the Fair Sentencing Act became effective, the Fair Sentencing Act does not apply to him.

Defendant cites *United States v. Booker*, 543 U.S. 220 (2005), for the proposition that a change in law will be given effect to cases that are on direct review, and he argues that he is entitled to retroactive application of the Fair Sentencing Act because his case was on direct appeal when the Act became effective. By its very terms, however, *Booker* makes its new rule (that the sentencing guidelines are not mandatory) applicable "to all cases on direct review." *Id.* at 268. On the other hand, Congress did not address retroactivity when it enacted the Fair Sentencing Act. The retroactivity of the Fair Sentencing Act was finally decided by the Supreme Court in *Dorsey* and

*Dorsey* makes it clear that the Fair Sentencing Act does not apply to Defendant. Thus, the Court is prohibited from giving Defendant the relief he seeks. Accordingly,

IT IS ORDERED that Defendant Tyler Brown's Motion to Amend Rule 60(b) (Docket 2075) is denied.

Dated this 14th day of February, 2014.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)       DEPUTY